ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ANGEL LUIS MARRERO NEGRÓN; LUICHY´S RESTAURANT AND GUEST HOUSE, INC. H/N/C LUICHY´S SEASIDE HOTEL<br><br>Parte Apelante<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CABO ROJO, REPRESENTADO POR SU ALCALDE JORGE ANTONIO MORALES WISCOVITCH; MUTINATIONAL INSURANCE COMPANY; DANIELLE BERTOTHY; COMPAÑIAS ASEGURADORAS A, B Y C<br><br>Parte Apelada | TA2025AP00681 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: CB2025CV00343<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 27 de febrero de 2026.

Comparece ante nos el señor Ángel Luis Marrero Negrón y la corporación Luichy´s Restaurante and GuestHouse, Inc. H/N/C Luichy´s Seaside Hotel mediante recurso de *Apelación* y nos solicita la revisión de una *Sentencia Parcial* emitida el 18 de noviembre de 2025 y notificada el 20 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante el referido dictamen, el foro primario declaró *Con Lugar* una solicitud de desestimación en cuanto al Municipio de Cabo Rojo.

Por los fundamentos que expondremos, se *confirma* la *Sentencia Parcial* apelada.

**I**

El 3 de junio de 2025, el señor Ángel Luis Marrero Negrón y la corporación Luichy´s Restaurante and GuestHouse, Inc. H/N/C Luichy´s

Seaside Hotel (la parte apelante) presentó *Demanda*[1] contra el Municipio Autónomo de Cabo Rojo, la corporación Mutinational Insurance Company y la señora Danielle Bertothy (la parte apelada) sobre daños y perjuicios. Alegó que, entre el 1 de enero de 2025 y 2 de enero de 2025, la señora Danielle Bertoty se encontraba en el Bar Marea en estado de embriaguez, por lo cual los empleados se negaron a servirle bebidas alcohólicas. La parte apelante arguyó que, como consecuencia de lo anterior, se presentó una queja que dio lugar a la intervención de agentes de la Policía Municipal de Cabo Rojo en dos ocasiones. Sostuvo que, en cada una de las intervenciones, los agentes escoltaron a la señora Bertothy fuera del Bar y la llevaron hasta su AirBnB. Luego, los agentes regresaron al Bar en tanto los empleados culminaron sus labores y se marcharon. Expresó que, ya cerrado el Bar, la señora Bertothy regresó al lugar e inició un incendio que ocasionó graves daños al lugar. A raíz de lo anterior, manifestó que los agentes de la policía municipal fueron negligentes al no arrestar a la apelada y que, por tal motivo, el Municipio de Cabo Rojo debía responder por los daños y perjuicios sufridos. A tenor, solicitó al foro primario que condenase a la parte apelada a resarcir solidariamente en daños y perjuicios por la suma de un millón de dólares ($1,000,000.00).

Por su parte, el 19 de agosto de 2025, compareció el Municipio de Cabo Rojo mediante *Solicitud de Desestimación*.[2] Sostuvo que, cuando existen reclamos contra los municipios por daños y perjuicios, el Código Municipal de Puerto Rico establece como requisito jurisdiccional una notificación escrita al alcalde el cual, a su juicio, la parte apelante no cumplió. 21 LPRA sec. 7082. Añadió que, bajo el mismo Código, no están autorizados los reclamos contra el municipio por acciones u omisiones de agentes del orden público en el desempeño de una función de carácter discrecional. 21 LPRA sec. 7084. A tenor, solicitó al foro primario que desestimase la demanda en cuanto al municipio.

---

[1] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 1.
[2] SUMAC TPI, a la Entrada Núm. 11.

Por consiguiente, el 10 de septiembre de 2025, la parte apelante interpuso una *Moción en Oposición a Solicitud de Desestimación*.[3] Mediante su comparecencia, sometió la *Carta al Municipio de Cabo Rojo*[4] que constaba de la notificación realizada al alcalde del municipio. Reclamó que la actuación de los agentes de la policía no supuso un acto discrecional, antes bien, se trataba de un deber ministerial. A tenor, solicitó al foro primario que declarase *Sin Lugar* la desestimación solicitada.

El 10 de octubre de 2025, el Tribunal de Primera Instancia notificó una *Resolución y Orden*.[5] Mediante su dictamen, el foro primario declaró *No Ha Lugar* la solicitud de desestimación por entender que el requisito jurisdiccional de notificación al alcalde había sido satisfecho por la parte apelante. Por tanto, el 24 de octubre de 2025, el municipio compareció mediante *Moción Solicitando Reconsideración*.[6] Reiteró sus planteamientos en torno a que las reclamaciones en daños y perjuicios dirigidas contra el municipio, derivadas de actuaciones de los agentes de carácter discrecional, no estaban autorizadas bajo el Código Municipal, *supra*. En consecuencia, el 4 de noviembre de 2025, la parte apelante interpuso una *Breve Réplica a Moción Solicitando Reconsideración*.[7] Asimismo, sostuvo sus planteamientos respecto a que las actuaciones de los agentes correspondían a deberes ministeriales y no a funciones discrecionales.

Evaluadas las posturas de ambas partes, el 20 de noviembre de 2025, el Tribunal de Primera Instancia notifico su *Sentencia Parcial*.[8] Mediante el referido dictamen, el foro primario concluyó que la causa de acción no estaba autorizada en cuanto al municipio. Por consiguiente, declaró *Con Lugar* la solicitud de desestimación.

---

[3] SUMAC TPI, a la Entrada Núm. 17.
[4] *Id.,* al Anejo 1.
[5] SUMAC TPI, a la Entrada Núm. 19.
[6] SUMAC TPI, a la Entrada Núm. 21.
[7] SUMAC TPI, a la Entrada Núm. 23.
[8] SUMAC TPI, a la Entrada Núm. 27.

Inconforme, el 16 de diciembre de 2025, la parte apelante acude ante nos mediante una *Apelación*[9] y nos expone la comisión de tres (3) errores por parte del foro primario, como sigue:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE COMO CUESTIÓN DE DERECHO EL MUNICIPIO DE CABO ROJO NO RESPONDE POR LAS ACTUACIONES Y OMISIONES NEGLIGENTES DE SUS EMPLEADOS GUARDIAS MUNICIPALES.
>
> ERRÓ EL TRIBUNAL AL NO CONSIDERAR QUE LOS POLICÍAS TENÍAN EL DEBER MINISTERIAL DE PROTEGER LA SEGURIDAD Y BIENES DE LAS PERSONAS Y EVITAR LA COMISION DE DELITOS O INTERVENIR SI ESTOS SE COMETIAN.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO APLICAR EL DERECHO Y LAS DOCTRINAS ESTABLECIDAS POR EL TRIBUNAL SUPREMO QUE DEBEN SERVIR DE GUIAS AL RESOLVER UNA MOCIÓN DE DESESTIMACIÓN BAJO LA REGLA 10.2 DE PROCEDIMIENTO CIVIL Y ESPECIFICAMENTE BAJO EL FUNDAMENTO DE QUE LAS ALEGACIONES DE UNA DEMANDA DEJAN DE EXPONER UNA CAUSA DE ACCIÓN QUE AMERITE LA CONCESIÓN DE UN REMEDIO.

El 22 de diciembre de 2025, emitimos *Resolución*[10] concediéndole a la parte apelada hasta el 15 de enero de 2026 para presentar su alegato. Tras varios trámites procesales, el 4 de febrero de 2026, compareció el municipio mediante *Alegato de la Parte Apelada*.[11] Por su parte, el 12 de febrero de 2026, el apelante compareció mediante *Comparecencia para Solicitar la Eliminación de unas Porciones del Alegato de la Parte Apelada al Amparo de las Reglas 10.6 y 9 de las de Procedimiento Civil*.[12] Posteriormente, el 16 de febrero de 2026, compareció el municipio mediante *Inmediata Contestación a "Comparecencia para Solicitar la Eliminación de unas Porciones del Alegato de la Parte Apelada al Amparo de las Reglas 10.6 y 9 de las de Procedimiento Civil"*.[13] De lo anterior, el 19 de febrero de 2026, el apelante compareció mediante *Réplica a las Alegadas Imputaciones Éticas en Nuestra Comparecencia para Solicitar la*

---

[9] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1.
[10] SUMAC TA, a la Entrada Núm. 2.
[11] SUMAC TA, a la Entrada Núm. 5.
[12] SUMAC TA, a la Entrada Núm. 6.
[13] SUMAC TA, a la Entrada Núm. 7.

*Eliminación de unas Porciones del Alegato de la Parte Apelada al Amparo de las Reglas 10.6 y 9 de las de Procedimiento Civil.*[14] Contando con la comparecencia de ambas partes, procedemos a resolver.

## II

### A. Daños y Perjuicios

El artículo 1536 del Código Civil de Puerto Rico de 2020 (Código Civil), 31 LPRA sec. 10801, rige lo relacionado a la responsabilidad civil derivada de actos u omisiones culposas o negligentes. En específico establece, que la persona que por acción u omisión causa daño a otra, mediando culpa o negligencia, queda obligada a reparar el daño causado. *Id.* Para establecer responsabilidad bajo esta disposición, es necesario que exista un daño, una acción u omisión negligente y la correspondiente relación causal entre el daño y la conducta culposa o negligente. Por lo tanto, la reparación de un daño procede siempre y cuando se cumplan ciertos requisitos indispensables, sin los cuales no se configura la causa de acción por responsabilidad civil extracontractual. Es norma firmemente establecida en nuestra jurisdicción que en toda causa de acción al amparo del artículo 1536 del Código Civil, *supra*, el demandante tiene que establecer: (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado, y (3) el acto u omisión cual tiene que ser culposo o negligente. *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976 (2021).

El Tribunal Supremo de Puerto Rico ha definido la culpa o negligencia como aquella falta del debido cuidado que consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto que una persona prudente y precavida habría de prever en las mismas circunstancias. *Ramos v. Carlo*, 85 DPR 353, 358 (1962). El elemento de la previsibilidad está íntimamente ligado al concepto de causalidad. Este deber de anticipar y prever los daños no se extiende a todo peligro imaginable, sino a aquel que llevaría a una persona prudente

---

[14] SUMAC TA, a la Entrada Núm. 8.

a anticiparlo.  *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 309 (1990); *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 19 (1987).  De igual forma, tampoco es necesario que se anticipe la ocurrencia del daño en la forma precisa en que ocurrió, basta con que el daño sea una consecuencia natural y probable del acto u omisión negligente.  *Tormos Arroyo v. D.I.P.*, 140 DPR 265, 276 (1996).

### B.  Moción de Desestimación

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas antes del juicio en sus méritos.  Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de una vista plenaria.  A esos efectos, la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra".  *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008), que cita a *Colón v. Lotería*, 167 DPR 625 (2006).  La citada regla dispone "que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona;  (3) insuficiencia del emplazamiento;  (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable". *Supra.*

Es norma asentada que, al examinar una petición desestimatoria, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos del modo más beneficioso a la parte demandante.  *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021), que cita a *López García v. López García*, 200 DPR 50, 69 (2018); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013).  Ello conlleva que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante".  *Aut. Tierras*

*v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Para que la moción de desestimación prevalezca "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). Además, la desestimación tampoco procede si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429. La norma que impera en nuestro ordenamiento jurídico es que, cuando se interpone una moción de desestimación, el tribunal debe conceder el beneficio de cuanta inferencia sea posible de los hechos alegados en la demanda. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., Publicaciones JTS, 2011, Tomo II, pág. 532.

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, en la pág. 429 citando a *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994), *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio.

### C. Código Municipal de Puerto Rico

La Ley Núm. 107-2020, conocida como el Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et seq.*, fue aprobado por nuestra Asamblea Legislativa a los fines de integrar, organizar y actualizar las leyes aplicables a la organización, administración y funcionamiento de los municipios. Código Municipal, *Exposición de motivos.* La intención legislativa detrás de la aprobación de esta ley fue otorgarles a los

municipios "los poderes y facultades necesarias para asumir su función fundamental en su desarrollo social y económico". 21 LPRA sec. 7003. De hecho, fue indispensable ampliar esas facultades y responsabilidades municipales posteriormente con el propósito de que se cumpliera con las exigencias y necesidades actuales de los municipios. Lo anterior, pues "hoy día, las circunstancias económicas de gran parte de los municipios han cambiado sustancialmente". *Exposición de Motivos*, Código Municipal.

El Tribunal Supremo ha resuelto que, al amparo del Artículo 1.053(b) del Código Municipal de Puerto Rico, 21 LPRA sec. 7084, los municipios poseen inmunidad contra acciones en daños y perjuicios. El referido artículo 1.053 del Código Municipal de Puerto Rico, *supra*, establece que:

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
>
> (a) […]
>
> (b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
>
> […]

Así, la Asamblea Legislativa "prohibió la presentación de reclamaciones en daños y perjuicios en contra de los municipios, en la medida en que esté presente cualquiera de los incisos enunciados". *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 616 (2023).

### III

En el recurso ante nuestra consideración, la parte apelante nos solicita la revisión de una Sentencia Parcial y aduce que el foro primario cometió tres (3) errores en su determinación. Por la naturaleza de los errores, estos serán discutidos de manera individual. Veamos.

En *primer lugar*, el apelante alega que erró el Honorable Tribunal de Primera Instancia al concluir que, como cuestión de derecho, el Municipio de Cabo Rojo no responde por las actuaciones y omisiones negligentes de sus empleados guardias municipales. En nuestro ordenamiento jurídico, específicamente en el Código Municipal de Puerto Rico, se ha establecido

que no están autorizadas las acciones por daños y perjuicios contra los municipios por acciones u omisiones de sus agentes "[e]n el desempeño de una función de carácter discrecional […]." Artículo 1.053(b) del Código Municipal de Puerto Rico, 21 LPRA sec. 7084. La normativa aplicable desvirtúa la alegación del apelante, por lo que la misma carece de méritos.

En *segundo lugar*, alega el apelante que erró el tribunal al no considerar que los policías tenían el deber ministerial de proteger la seguridad y bienes de las personas y evitar la comisión de delitos o intervenir si estos se cometían. Como es conocido, un deber ministerial se trata de un mandato específico que no admite ejercicio de discreción en su cumplimiento. *Kilómetro 0 v. Pesquera López et al.*, 207 DPR 200, 214 (2021). Ahora bien, no es materia de controversia que los policías tienen el deber de proteger a los ciudadanos y evitar la comisión de delitos según lo dispone la Ley de la Policía de Puerto Rico. *Exposición de Motivos*, Ley Núm. 83-2025. Sin embargo, nuestro Tribunal Supremo ha establecido que a los policías no se les puede castigar por la comisión de un delito que no impidieron, por el mero hecho de tener la obligación de actuar para impedir que se cometiera. *Pueblo v. Sustache Sustache*, 176 DPR 250, 325 (2009). Establecido lo anterior, no surge del expediente que existiera denuncia alguna en contra de la señora Bertothy, ni que esta hubiese exteriorizado sus intenciones delictivas. Mas aun, surge de los autos que los agentes escoltaron a la apelada hasta su hospedaje y posteriormente regresaron al Bar para proveer seguridad y vigilancia a los empleados mientras culminaban sus labores. Los agentes adoptaron la determinación que estimaron adecuada a la luz de las circunstancias imperantes. En consecuencia, las actuaciones desplegadas por los agentes constituyeron el ejercicio de una facultad de carácter discrecional. Resulta irrazonable imputar responsabilidad a los agentes y al municipio por actuaciones delictivas que no eran previsibles. A la luz de los autos y de la normativa vigente, la causa de acción instada en la presente demanda en lo que

respecta al municipio no se encuentra autorizada por ley. Por lo cual, no tiene méritos su alegación.

Por *último*, el apelante sostiene que erró el Tribunal de Primera Instancia al no aplicar el derecho y las doctrinas establecidas por el Tribunal Supremo que deben servir de guías al resolver una Moción de Desestimación bajo la Regla 10.2 de Procedimiento Civil y específicamente bajo el fundamento de que las alegaciones de una demanda dejan de exponer una causa de acción que amerite la concesión de un remedio. Como es sabido, para que una moción de desestimación prevalezca, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho." *Ortiz Matías et al. v. Mora Development*, *supra*. Según señaláramos previamente, del propio texto de la ley surge que la causa de acción contra el municipio no esta autorizada en el contexto del recurso ante nuestra consideración. Consecuentemente, es forzoso concluir que se demostró de forma certera que el apelante no tiene derecho a remedio alguno en derecho. Concluimos que no tiene méritos su reclamo.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia Parcial* apelada.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones